## In re MANHEIM.

(District Court, E. D. Michigan, S. D. March 19, 1925.)

No. 6695.

Bankruptcy ⬤➡391(3)—Application for stay of suit against bankrupt should first be made to court in which it is pending.

While a court of bankruptcy has power, under Bankruptcy Act, § 11a (Comp. St. § 9595), to stay a suit against a bankrupt, pending in a state court, after the adjudication, it is more appropriate that application for such stay should first be made to the state court.

In Bankruptcy. In the matter of Harry Manheim, bankrupt. On petition for dissolution of order staying proceedings against bankrupt in state court. Granted.

Henry C. Walters, of Detroit, Mich., for petitioner.

Joseph A. Bloom, of Detroit, Mich., for bankrupt.

TUTTLE, District Judge. This is a petition filed by the sheriff of the county of Wayne, state of Michigan, praying for the dissolution of an ex parte restraining order, heretofore issued by this court, staying certain proceedings pending in the circuit court for said county, one of the courts of record of said state, and restraining said sheriff from arresting the bankrupt herein "until the further orders of this court." Said proceedings were pending, both at the time of the filing of the voluntary petition herein and also at the time of the adjudication thereon. No application has been made to said state court for such stay of proceedings. The situation as now presented on this petition differs in some respects from that shown on the application to this court for the stay and restraining order in question.

Section 11a of the Bankruptcy Act (Comp. St. § 9595) provides in substance that a suit founded on a claim dischargeable in bankruptcy, which is pending against a bankrupt at the time of the filing of the petition in bankruptcy, shall be stayed until after an adjudication or the dismissal of such petition, and that upon adjudication such suit may be further stayed until at least 12 months after such adjudication.

Although this court has the power, under the section just quoted, to grant the stay of proceedings mentioned therein, even if pending in a state court, the principles of comity suggest the propriety and advisability of requiring an application for such stay to be first made to such state court, which has the power and duty to administer Bankruptcy

Law, at least in a case where, as here, it does not appear that it is necessary that this court, in protecting its own jurisdiction and administering the bankrupt estate, should itself grant such stay. United States v. McAleese, 93 F. 656, 35 C. C. A. 529; Collier on Bankruptcy (12th Ed.) p. 298; 7 Remington on Bankruptcy (3d Ed.) §§ 3477–3480, pp. 480–482.

Applying this principle to the present case, upon careful consideration of all of the facts and circumstances disclosed by the record, I am of the opinion that the petition praying for the dissolution of the restraining order and stay of proceedings referred to should be granted, and an order will be entered accordingly.